FLEMING *vs.* FIRE ASSOCIATION OF PHILADELPHIA *et al.*

CASE, FROM RICHMOND. United States Courts. Removal of Causes. Words and Phrases. (Before Judge Roney.)

Hall, J.—A case was tried and resulted in a verdict for the plaintiff; a new trial was granted, on motion of the defendant. On the rehearing at a subsequent term, the case having been set for trial, under the rules of the court, it was called, and the plaintiff announced ready. An attorney moved for a continuance on the ground that the attorney for the defendant, who was also a witness, was absent, and also because certain interrogatories had not been returned. The motion was overruled, and the court directed counsel to strike the jury. The attorney who made the motion then asked the indulgence of the court for time to allow the agent of the defendant, who was present in the court room during the entire proceeding, to procure counsel to conduct the case. An hour was asked. The court granted half an hour. At the end of that time, the judge returned to the bench, the court was called to order, and counsel who had been employed for the defendant moved to dismiss the case, on the ground that the process attached to the declaration was not sufficient in law. This motion was overruled. The defendant then filed a petition to remove the case to the Circuit Court of the United States on the ground that it was a foreign insurance company, and that, from prejudice and local influence, it would not be able to obtain justice in the state court:

Held that the final trial of the case had begun, and the petition to remove the case came too late.

(a) A literal compliance with the terms and limitations imposed by the Act of Congress of March 2, 1867, for the removal of causes from the state to the federal courts on the ground of prejudice or local influ--

ence will be required. Dillion on Removal of Causes, pp. 23, 24, 55.

Judgment reversed.

W. H. Fleming; Foster & Lamar, for plaintiff in error.

W. T. Gary; Frank H. Miller, for defendants.